# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**LAVANDO MICHAEL CATRON**                                  **PETITIONER**

**v.**                                                                                                     **No. 3:20CV290-MPM-DAS**

**WARDEN JESSIE J. WILLIAMS**                                  **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Lavando Michael Catron[1] for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Lavando Michael Catron is in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. On April 5, 2006, he was indicted on a multi-count indictment for the crimes of: (1) conspiracy to commit armed robbery (Count I); (2) armed robbery (Count III);[2] (3) armed robbery (Count IV); and (4) aggravated assault (Count V). Exhibit A.[3]

On October 2, 2006, Lavando Catron was convicted on Counts I, III, and IV of the indictment

---

[1] The petitioner's first name is spelled as both "Lavando" and "Lavondo" throughout his state court and federal proceedings.

[2] Count II of the indictment charged other individuals with the crime of armed robbery, but did not include Catron as one of the individuals charged. *See* Exhibit A.

[3] The exhibits referenced in the instant memorandum opinion may be found attached to the State's Motion to Dismiss.

in the Circuit Court of Desoto County, Mississippi.[4]  Exhibit B.  On the same date, the Desoto County Circuit Court sentenced Catron to serve a term of thirty years on Count III (armed robbery), thirty years on Count IV (armed robbery) to run consecutively to the thirty-year sentence on Count III, and five years on Count I (conspiracy to commit armed robbery) to run consecutively to the thirty-year sentence on Count IV, for a total sentence of sixty-five years in the custody of the MDOC.  *Id.*

On December 7, 2006, counsel Gerald S. Green filed an "Application for Admission of Attorney Pro Hac Vice" in Catron's criminal matter in Desoto County Circuit Court.[5]  *See* State Court Record ("SCR"), Cause No. 2006-0222CD.  Attorney Green noted that he had associated John Keith Perry, Jr. as local counsel in the case.  *Id.*  The docket reflects the filing of a "Clerk's Pro Hac Vice Statement" on August 15, 2007, with a notation that the "[j]udge went on [the] record admitting Green Pro Hac Vice" on that date.  *See id.*  On September 13, 2007, Catron, through counsel Green, filed a Notice of Appeal of his convictions and sentences to the Mississippi Supreme Court.  *See id.*

On October 27, 2007, the Mississippi Supreme Court Clerk issued a deficiency letter to counsel Perry regarding the filing fee, appeal costs, designation of the record, and certificate of compliance.  *See* SCR, Cause No. 2007-TS-01619-COA.  The Mississippi Supreme Court Clerk advised counsel to correct the deficiencies within fourteen days, under Miss. R. App. P. 2(a)(2).  *See id.*  The docket in Catron's criminal matter in Desoto County Circuit Court reflects that the Desoto County Circuit Court Clerk's Office "[f]axed [a] copy of [the] letter from [the Mississippi] Supreme Court and invoice to [counsel] Green" and "advised him [that] all appeal papers should be file[d] in

---

[4] On an *ore tenus* motion by the State, the Desoto County Circuit Court remanded Count V of the indictment (aggravated assault).  *See* Exhibit B.

[5] The record reflects that Catron was represented by counsel Gil Baker and J.B. Goodsell at trial.  *See* Exhibit B.

th[e] [circuit clerk's] office." *See* SCR, Cause No. 2006-0222CD. On November 5, 2007, counsel Green filed a "Certificate of Compliance with Rule 11(b)(1)," advising the Desoto County Circuit Court as follows:

> I, GERALD S. GREEN, attorney for appellant, LAVONDO CATRON, [] have complied with M.R.A.P.11(b) and that the estimated cost of preparing the designated record on appeal in $1296.00.
>
> I have not deposited that sum with the clerk of this Court.
>
> I do not have funds from the appellant for the purpose of preparing the record. Counsel intends to either file a motion to proceed in forma pauperis or a MOTION TO DISMISS this appeal within 14 days and prays that the Court allows up to 14 days for the filing of either motion.

*See* SCR, Cause No. 2007-TS-01619-COA. On the same date, counsel Green filed a "Motion to Extend Time in Which to Fully Comply with MRAP 11(b)(1)," requesting fourteen days, until November 19, 2007, to either pay the funds necessary for preparation of the record or to file a motion to proceed in forma pauperis or a motion to dismiss Catron's appeal. *See* SCR, Cause No. 2006-0222CD; *see also* SCR, Cause No. 2007-TS-01619-COA.[6] The docket reflects that no such documents were filed in Catron's case within the requested time period. *See id*. On November 15, 2007, the Mississippi Supreme Court Clerk's Office issued a "Dismissal Notice," dismissing Catron's direct appeal for failure to pay the costs of the appeal, under Miss. R. App. P. 2(a)(2). Exhibit C. The mandate issued on December 6, 2007. Exhibit D.

---

[6] On November 6, 2007, the Desoto County Circuit Clerk issued an estimate of the costs for Catron's appeal. *See* SCR, Cause No. 2006-0222CD. The docket further reflects a notation that the clerk copied counsel Green with the estimate by both fax and mail. *See id.*

Mr. Catron's state court records, as available from the Mississippi Supreme Court and the Desoto County Circuit Court, reflect that he filed two separate actions in the Desoto County Circuit Court and in the Mississippi Supreme Court.

On August 23, 2019, Catron filed a *pro se* pleading entitled "Motion for Post-Conviction Relief Pursuant to Miss. Code Ann. § 47-7-3(1) and Pursuant to House Bill #387 Section 5 of Mississippi Legislature 2018 Regular Session" in his criminal matter in Desoto County Circuit Court Cause Number 2006-0222CD. *See* SCR, Cause No. 2006-0222CD. By Order filed on January 14, 2020, the Desoto County Circuit Court construed Catron's pleading as a petition seeking parole eligibility and denied Catron's request for relief.[7] Exhibit E.

On February 7, 2020, Catron proceeded to the Mississippi Supreme Court and filed a *pro se* "Motion for Out-of-Time Appeal," which was docketed as Mississippi Supreme Court Cause Number 2020-M-00130. *See* SCR, Cause No. 2020-M-00130, Miscellaneous. By Order filed on August 20, 2020, the Mississippi Supreme Court denied Catron's "Motion for Out-of-Time Appeal," explaining as follows:

> Catron was convicted and sentenced in 2007. His appellate counsel timely filed a notice of appeal. Later, the Clerk of Court issued a deficiency notice to Catron for failure to pay court costs. Catron's counsel requested additional time to either pay the costs of the appeal and to file a motion to proceed in forma pauperis on Catron's behalf. Neither happened. On November 15, 2007, the appeal was dismissed for failure to pay costs. *See Catron v. State*, 2007-TS-01619 (Miss. Ct. App. 2007). Catron

---

[7] In denying relief, the Desoto County Circuit Court explained that, "[d]espite the title of the filing, Catron does not attack the legality of his conviction or sentence under Miss. Code Ann. § 99-39-1 et seq. therein[,] and it will not be considered as a motion for post-conviction relief." Exhibit E. The circuit court further tole Mr. Catron, *inter alia*, that "should [Catron] seek to file a Petition for Post-Conviction Collateral Relief for reasons allowed under the statute, [Catron] is instructed to seek leave from the Mississippi Supreme Court to file the same in accordance with Miss. Code Ann. § 99-39-1 *et seq*." *Id.* (citing Miss. Code Ann. §§ 99-39-7; 99-39-27).

now seeks an out-of-time appeal and appointment of counsel. After due consideration, we find Catron's motion is untimely and should be denied.

Exhibit F.

Mr. Catron filed the instant petition for a writ of *habeas corpus* on November 2, 2020. As his sole ground for relief, he alleges that his attorneys did not pursue a timely direct appeal on his behalf.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Catron's convictions and sentences became "final" for purposes of the AEDPA on November 15, 2007, the date on which the Mississippi Supreme Court dismissed his appeal for failure to pay the costs. Thus, under the AEDPA's one-year statute of limitations provision, Mr. Catron's federal petition for a writ of *habeas corpus* was due in this Court on or before November 15, 2008

(November 15, 2007 + one year), absent any statutory or equitable tolling. Mr. Catron filed his federal *habeas corpus* on November 2, 2020, nearly twelve years after the federal *habeas corpus* deadline.

**No Statutory Tolling**

Mr. Catron filed each of the two state court applications for post-conviction collateral relief long *after* the expiration of his deadline to seek federal *habeas corpus* relief in this court (one on August 23, 2019, the other on February 7, 2020). As such, he does not enjoy statutory tolling under 28 U.S.C. § 2244(d)(2) during the pendency of either of those post-conviction actions. Hence, Mr. Catron's federal petition for a writ of *habeas corpus* remained due in this court on or before November 15, 2008, and was untimely filed under the AEDPA's one-year statute of limitations, absent equitable tolling.

**No Equitable Tolling**

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The "AEDPA's filing provision is not jurisdictional but, instead, is a statute of limitations that, like all limitation statutes, could be equitably tolled." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (internal citations omitted); *see also United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (applying equitable tolling to one-year limitations period in 28 U.S.C. § 2255(f)). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.

1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one[-]year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Mr. Catron has provided no basis to show that his case involves "rare and exceptional circumstances" sufficient to warrant equitable tolling. *See* Doc. 1 at 21–22; *see also Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (citations omitted). In his sole ground for relief he alleges that the Mississippi Supreme Court dismissed his direct appeal for failure to pay the costs and that he never received a direct appeal due to counsel's ineffectiveness. Doc. 1 at 5–6, 13.

Mr. Catron's allegations regarding his counsel's performance during the direct appeal process in 2007 have no bearing on the timeliness of his federal petition for a writ of *habeas corpus* in this court. "[N]either a petitioner's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). In addition, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). For these reasons,

Mr. Catron's claims in the instant petition do not present a "rare and exceptional" circumstance sufficient to invoke equitable tolling of the limitations period.

Further, Mr. Catron cannot invoke equitable tolling because he was not diligent in pursuing his claims. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (petitioner must show that "he has been pursuing his rights diligently") (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).[8] As set forth above, Mr. Catron did not file his motion requesting an out-of-time appeal until *over eleven years after* the expiration of the federal limitations period. He ultimately sought federal *habeas corpus* review *twelve years* after the expiration of the federal limitations period. Hence, Mr. Catron was not diligent in pursuing relief and is unable to invoke equitable tolling. For these reasons, the limitations period ran uninterrupted, and Mr. Catron's federal *habeas corpus* deadline was November 15, 2008. The instant petition was filed too late.

**Calculation of Timeliness**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000)

---

[8] While a legitimate claim of "attorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes, [it] does not, by itself, excuse the petitioner from his duty of diligence." *Manning v. Epps*, 688 F.3d 177, 189 n.2 (5th Cir. 2012). Instead, a petitioner must exercise due diligence "even when [he] receive[s] inadequate legal representation." *Id.* at 185. In addition, due diligence in pursuit of a petitioner's remedies is a requirement independent of his attorney's efforts. *See, e.g., Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013) (noting that petitioner seeking to establish due diligence must exercise it even when he receives inadequate legal representation) (citing *Manning*, 688 F.3d at 185). Finally, a petitioner "cannot claim diligence in reliance on attorneys for a period of time during which he had no reason to believe he was actively represented by counsel." *Tsolainos v. Cain*, 540 F. App'x 393, 399 (5th Cir. 2013).

(citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)).  In this case, the federal petition was filed sometime between the date it was signed on October 26, 2020, and the date it was received and stamped as "filed" in the district court on November 2, 2020.  The instant petition was filed twelve years after the November 15, 2008, deadline.  As such, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of July, 2021.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**